277TH JUDICIAL DISTRICT COURT
# CASE SUMMARY
## CASE NO. 13-0579-C277

| | | |
|---|---|---|
| Myra and Robert Marciel v. J&S, LLC dba H&H Autos and Credit Acceptance Corporation | § § § § | Location: 277th Judicial District Court<br>Judicial Officer: Anderson, Ken<br>Filed on: 06/10/2013 |

### CASE INFORMATION

Case Type: Contract - Consumer/Commercial/Debt

| DATE | CASE ASSIGNMENT |
|---|---|
| | **Current Case Assignment**<br>Case Number  13-0579-C277<br>Court  277th Judicial District Court<br>Date Assigned  06/10/2013<br>Judicial Officer  Anderson, Ken |

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| Defendant | Credit Acceptance Corporation | |
| | J&S, LLC | |
| Plaintiff | Marciel, Myra | Kleinpeter, Amy Elizabeth Clark<br>*Retained*<br>512-850-5290(W) |
| | Marciel, Robert | Kleinpeter, Amy Elizabeth Clark<br>*Retained*<br>512-850-5290(W) |

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 06/10/2013 | Jury Demand<br>*Jury Requested; paid by the plaintiff's* | |
| 06/10/2013 | Cover Letter | |
| 06/10/2013 | Case Information Sheet<br>*submitted by atty.* | |
| 06/10/2013 | Bill of Costs<br>*mailed to atty for remaining filing fee* | |
| 06/10/2013 | Original Petition (OCA)<br>*filed and signed by Amy E. Clark. Kleinpeter, Atty.* | |
| 06/10/2013 | Citation<br>　J&S, LLC<br>　Unserved<br>　Credit Acceptance Corporation<br>　Unserved<br>　*ret'd to atty in SASE* | |

EXHIBIT A

277TH JUDICIAL DISTRICT COURT
## CASE SUMMARY
CASE NO. 13-0579-C277

No. 13-0549-C277

| | | |
|---|---|---|
| **Myra and Robert Marciel** | § § § § | IN THE DISTRICT COURT |
| | | COUNTY COURT AT LAW # 277 |
| **Plaintiffs** | § § § | |
| v. | § § | |
| **J&S, LLC dba H&H Autos and Credit Acceptance Corporation** | § § § § | **WILLIAMSON COUNTY, TEXAS** |
| **Defendant** | § § | |

## PLAINTIFF'S PETITION

Plaintiffs, Myra and Robert Marciel (hereinafter "Mr. and Mrs. Marciel" or "Plaintiffs"), hereby bring their complaint against the above-named Defendant, J&S, LLC dba H&H Autos (hereinafter "H&H" or "Defendant") for violations of consumer protection statutes and for other claims. These claims are based on H&H Autos inducing the Marciels into a "yo-yo sale", whereby Defendant H&H Autos stole the Marciels' trade-in, down-payments, and monthly payments; never transferred title to the Marciels or even appied for title transfer; and then illegally repossessed the vehicle it had sold.

## INTRODUCTION

On June 9, 2012, H&H Autos sold Mr. and Mrs. Marciel a 2002 Dodge Ram 1500. H&H Autos took two post-dated $500 checks and the Marciel's vehicle in trade. Both checks were cashed on the agreed-on dates and all payments were being made on the Dodge; however, H&H failed to ever apply for title in Mr. and Mrs. Marciel's names, failed to file transfer of title and tax documents with the state of Texas Department of Motor Vehicles, and after two months repossessed the vehicle without cause. To date H&H has refused to return the vehicle (which they resold in November) and refused to return the

Plaintiff's Petition

FILED
JUN 10 2013
Elizabeth
Lisa David
District Clerk, Williamson Co., Tx.

Marciel's downpayment or prior vehicle, forcing them to hire legal counsel to seek recompense.

## A. PRELIMINARY MATTERS

1. Plaintiffs intend to conduct discovery under Level 2 of Rule 190.3 of the Texas Rules of Civil Procedure.

2. Venue is proper is Williamson County, Texas under the Deceptive Trade Practices Act and under Texas Business & Commerce Code section 17.56 because this suit is filed in the county where H&H violated state laws in the sale of the Dodge Ram and then illegally repossessed the vehicle.

3. Plaintiffs are individuals residing in Williamson County, Texas.

4. Defendant J&S, LLC d.b.a. H&H Auto is a limited liability corporation doing business in Williamson County. It can be served by service on its' registered agent, Tammy Hannon at 719 W. 2nd Street, Taylor, Street, 76574-2827.

5. Defendant Credit Acceptance Corporation is a corporation headquartered in Michigan and doing business in Williamson County – the provision of loans and the holding of consumer loans of Williamson County residents. It can be served by service on its registered agent, Corporation Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

6. Defendant had notice of Plaintiff's claims from a notice letter sent on or about September 28, 2012 pursuant to Tex. Bus. Com. C. § 17.505(a) and Tex. Civ. Pract. Rem. C. § 38.01 et seq.. All conditions precedent necessary to maintain this action have been performed or have occurred.

## STATEMENT OF FACTS

7. On or about June 9, 2012, Mrs. and Mr. Marciel purchased the 2002 Dodge Ram 1500 with VIN #3B7HA1BN42G109193 from H&H Autos in Taylor Texas.

8. Mr. and Mrs. Marciel were told that the vehicle had just been purchased at auction,

which matches with the publically available Carfax report which has vehicle being sold at auction on or about June 4, 2012.

9. The Vehicle sales price was $11,561.44 plus tax, title and registration making it $12,345.90.

10. Mrs. and Mr. Marciel traded in a vehicle for a $2000 credit, provided two post-dated checks for $500 each, and financed the remainder through H&H Autos, who put him with Credit Acceptance Corporation to finance the remaining $9,345.90.

11. The Retail Installment Sales Contract neglected to separate the two deferred down payments of $500 each out from the down payment. Instead, the itemization of account financed states, under down payment, that $2000 was given for the trade-in and $1000 cash for a $3000 total down payment on June 9, 2002.

12. The Retail Installment Sales Contract stated "You have assigned this contract to Credit Acceptance Corporation in accordance with the terms and conditions stated set forth on reverse side of the contract. This assignment is without recourse. I must make all future payments to: Credit Acceptance Corporation (address)."

13. The terms on the reverse of the Retail Installment Sales Contract state "NOTICE: any holder of this consumer credit contract is subject to all claims and defenses which the debtor could assert against the seller of goods and services obtained pursuant hereto or with the proceeds hereof. Recovery hereunder by the debtor shall not exceed amounts paid by the debtor hereunder."

14. H&H did not provide the Marciels with a copy of an application for title and there are no records of a title ever being applied for in the Marciels name with the state of Texas Department of Motor Vehicles.

15. H&H did not provide the Marciels with a copy of any application to register the vehicle in their name and there is no record of any registration in the Marciel's name being filed with the state of Texas Department of Motor Vehicles.

16. Prior to purchasing the Dodge Truck, Mr. and Mrs. Marciel had purchased a Hyundai Santa Fe from H&H Autos, also financed through Credit Acceptance Corporation. Michael Hannon, the owner of H&H Autos, told them they had to become current on the Hyundai's loan before he could get them financed. Mr. and Mrs. Marciel did become current before purchasing the Dodge truck on June 9, 2012.

17. Approximately three weeks after purchasing the Dodge, Mr. Marciel got a call from "Tina" in the office at H&H, requesting he come down to get a GPS installed in the truck so that they could find the vehicle should he miss payments.

18. Tina told Mr. Marciel that Credit Acceptance required this, so he called the consumer number at Credit Acceptance and was told that H&H must be requiring the GPS because Credit Acceptance was not.

19. Mr. and Mrs. Marciel made their first payment on the Dodge Ram to Credit Acceptance before the due date of July 8, 2012.

20. Neither Credit Acceptance or H&H had informed the Marciels of the requirement of a GPS locator at the time of purchase.

21. Mr. and Mrs. Marciel were unable to make their July payment on time for the Santa Fe, so Mrs. Marciel called Credit Acceptance and made a payment plan so she would catch up by August. She made those payments and got caught up on her payments.

22. Before the Marciels got caught up on the Santa Fe contract, they received a letter from Credit Acceptance, dated August 1, 2012, explaining their Dodge Ram contract had been returned to the dealer and they were no longer the lienholder for that loan and all future payments should go to "J. & S. Llc; 400 W 2nd St. Taylor, TX 76574."

23. On August 6, 2012, H&H repossessed the Marciel's Dodge Ram.

24. When the repossesser came to the Marciels' house, Robert Marciel called "Tina" at H&H. He told her they were current on payments on the truck.

25. Tina stated that her husband and co-owner of H&H, Michael, wanted her to try and

work out a new payment plan for the Marciels' to keep the truck. She said the new payment would be $360 a month,

26. At no time were the Marciels ever delinquent in the payments on the Dodge Truck.

27. At no point did the Marciels do anything to breach their sales agreement with H&H.

28. H&H breached the contract with the Marciels by failing to transfer title to the Marciels in a reasonable amount of time as required by VTCA Trans Code §501.0721 "Delivery of Receipt and Title to Purchaser of Used Motor Vehicle."

29. H&H breached their contract with the Marciels when they repossessed the truck despite having no present right of possession.

30. The Marciels spent several days contacting H&H and trying to work things out, but this went nowhere. Tina told Mr. Marciel that the contract had been "kicked back" by Credit Acceptance.

31.   As a result of Defendant's conduct, Plaintiffs have suffered significant damages, including but not limited to economic damages from loss of their vehicles – first the vehicle they used as trade, then the one they purchased – loss of the down payment and payments made on the vehicle, loss of hours from work from the lack of vehicle, lack of transportation after the repossession, and credit damage from the repossession.

32.   Mr. and Mrs. Marciel seeks a total economic damages for the loss of use of the vehicle, the damage to his credit for the repossession, loss of down payment and all payments made on vehicle, loss of hours from work from lack of vehicle, lack of transportation after the repossession and attorney fees and costs.

33.   Mr. and Mrs. Marciel seek a trebling of their economic damages sustained as a result of H&H Auto's intentional and knowing actions.

34.   Mr. and Mrs. Marciel seek emotional distress damages as a result of H&H Auto's intentional violations.

35.   Mr. and Mrs. Marciel seeks statutory fees for the illegal repossession.

36.  Plaintiffs seek mandatory reasonable attorney fees as they are entitled to under law.

37.  The above referenced statement of facts is incorporated by reference for the following causes of action.

### Cause of Action #1—Violations of the Deceptive Trade Practices Act – against all Defendants

38.  Plaintiffs are consumers under the DTPA because they are individuals who acquired goods by purchase as defined by the DTPA.

39.  Defendant is a corporation that can be sued under the DTPA.

40.  Defendant violated the Texas Deceptive Trade Practices Act when Defendant and its employees

   a. failed to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed (the requirement of a GPS locator device) in violation of Tex. Bus. Com. Code §17.46(b)(24).

   b. Violation of Tex. Bus. Com. Code §17.46(b)(20) by representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law. This includes both the failure to transfer title when possession was transferred and the illegal repossession. *See Holly v. Gurnee Volkswagen & Oldsmobile, Inc.*, 2001 U.S. Dist. LEXIS 7274 (N.D. Ill. Jan. 4, 2001) (wrongful repossession involves implicit false representation of right to repossess; *In re Daniel*, 137B.R. 884 (D.S.C. 1992) (disregard for proper repossession is a deceptive trade practice); *Gram v. Conn. Nat'l Bank, Clearinghouse No. 36,598* No. 19-87-84 (Conn. Super. Ct. 1983) (violation of U.C.C. repossession standard is a deceptive trade practice).

   c. Violated Debt collection harassment statutes as codified at Fin. Code §§ 392.001-

392.404.

41. Defendants committed "false, misleading, or deceptive acts or practices" within the meaning of Tex. Bus. & Com. Code §17.46(a). Scienter is not a prerequisite for D.T.P.A. liability. Defendants' actions also constitute an "unconscionable action or course of action" which, to Plaintiffs' detriment, took advantage of the lack of knowledge, ability, experience, or capacity of Plaintiffs to a grossly unfair degree in violation of Tex. Bus. & Com. Code §17.50(a)(3).

24. Plaintiffs are entitled to recover treble damages under Tex. Bus. & Com. Code §17.50(b)(1) because Defendants acted knowingly. As defined in the context of the D.T.P.A. the "knowingly" standard is effectively a recklessness or conscious indifference standard because it does not require a specific intent by the Defendants to harm the consumer. The conduct of Defendants was committed knowingly because, at the time of the acts and practices complained of Defendants had actual awareness of the falsity, deception, or unfairness of the acts or practices giving rise to Plaintiffs' claim. In addition and/or in the alternative, Defendants acted knowingly because they had actual awareness of the act, practice, condition, defect, or failure constituting the breach of warranty.

25. In addition to and/or in the alternative to their knowing conduct, Defendants acted intentionally because, at the time of the acts and practices complained of Defendants had actual awareness of the falsity, deception, or unfairness of the act or practice and acted with a specific intent that Plaintiffs acted in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness. *See* Tex. Bus. & Com. Code §§17.45(13), 17.50(a)(1), (3). Defendants had actual awareness of the condition, defect, or failure constituting the breach of warranty giving rise to Plaintiffs' claim and acted with a specific intent that Plaintiffs act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness. *See* Tex. Bus. & Com. Code §§17.45(13), 17.50(a)(2). Plaintiffs is entitled to recover treble damages under Tex. Bus. & Com. Code §17.50(b)(1) because

Defendants acted intentionally.

26.     The conduct of Defendants was a producing cause of the economic damages incurred by Plaintiffs. Plaintiffs' unliquidated damages are within the jurisdictional limits of the court. In addition to and/or in the alternative to the above referenced economic damages, Plaintiffs seek rescission and restitution, along with consequential damages and "any other relief the court deems proper." *See* Tex. Bus. & Com. Code §17.50(b)(3) & (4).

27.     Plaintiffs are entitled to recover reasonable and necessary attorney fees and costs under Tex. Bus. & Com. Code §17.50(d). *See Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 819 (Tex. 1997).The purpose for establishing mandatory attorney's fees is to protect the ordinary consumer from false, misleading or deceptive trade practices by well-funded defendants. As such, a prevailing consumer must be awarded attorney's fees even if his claim is entirely offset by the claims of the opposing party. *McKinley v. Drozd*, 685 S.W.2d 7 (Tex. 1985). Moreover, attorney's fees are both mandatory and reasonable even if the fees greatly exceed the actual damages awarded to the consumer. *Jack Roach Ford v. De Urdanavia*, 659 S.W.2d 725 (Tex. App.—Houston [14th Dist.] 1983, no writ) ($20,000.00 in attorney's fees approved on a recovery of $500.00 in actual damages); *Tate v. Wiggins*, 583 S.W.2d 640 (Tex. Civ. App.--Waco 1979, no writ) ($14,500.00 in fees approved on a recovery of $1,000.00 in actual damages to one of the Plaintiffs and $1,400.00 to the other); *Seabury Homes, Inc. v. Burleson*, 688 S.W.2d 712 (Tex. App.--Fort Worth 1985, no writ) ($15,000.00 in fees approved on a recovery of $2,000.00 in actual damages); *IFG Leasing Co. v. Ellis*, 748 S.W.2d 564 (Tex. App.--Houston[14th Dist.] 1988, no writ) (an award of attorney's fees upheld even though the consumer only was awarded a certificate of title and no monetary damages).

28.     Plaintiffs seek an order permanently enjoining from Defendants violating the D.T.P.A., warranty, and common law and statutory rights of consumers. *See* Tex. Bus. & Com. Code §17.50(b)(2).

**29.** Should Plaintiffs obtain judgment against Defendants and said judgment is not satisfied within 30 days, Plaintiffs will seek to place the business of Defendants into receivership. *See* Tex. Bus. & Com. Code Ann. § 17.59. The purpose of the receivership is to administer Defendants' businesses in a manner that will promptly satisfy Plaintiffs' judgment against them. *See* Tex. Bus. & Com. Code §17.50(b)(4). Should Plaintiffs obtain judgment against Defendants and said judgment is not satisfied within three months, Plaintiffs' will seek to revoke or suspend the license or certificate authorizing the Defendants to do business in this state. *See* Tex. Bus. & Com. Code Ann. § 17.50(b)(4).

### Cause of Action #2 – Violation of Federal Truth in Lending Act – against all Defendants

**30.** Defendant violated the requirements of the Truth in Lending Act and Regulation Z in the following and other respects:

   a. When the $1000 "delayed down payment" – the two $500 post-dated checks – were not accounted for in the Retail Installment Sales Contract, Defendant failed to correctly disclose the amount financed in violation of 15 U.S.C. § 1638(a)(2) and Regulation Z, 12 C.F.R. 226.18(b);

   b. When the $1000 "delayed down payment" – the two $500 post-dated checks – were not accounted for in the Retail Installment Sales Contract, Defendant failed to correctly disclose the amount of finance charges in violation of 15 U.S.C. § 1638(a)(3) and Regulation Z, 12 C.F.R. 226.18(b);

   c. When the $1000 "delayed down payment" – the two $500 post-dated checks – were not accounted for in the Retail Installment Sales Contract, Defendant failed to correctly disclose the APR in violation of 15 U.S.C. § 1638(a)(4) and Regulation Z, 12 C.F.R. 226.18(b);

   d. When the $1000 "delayed down payment" – the two $500 post-dated checks – were not accounted for in the Retail Installment Sales Contract, Defendant failed to correctly disclose the amount of total of payments in violation of 15 U.S.C. §

1638(a)(5) and 12 CFR 226.18(h); and

e.  When the $1000 "delayed down payment" – the two $500 post-dated checks – were not accounted for in the Retail Installment Sales Contract, Defendant failed to correctly disclose the payment schedule in violation of 15 U.S.C. § 1638(a)(6) and Regulation Z, 12 C.F.R. 226.18(g).

f.  Finally, because the title was never transferred and Defendants took the car back when the deal did not go through despite the written contract, which was a violation. The terms in the TILA disclosures are not the true terms of the sale. The fraud inherent in the yo-yo sale is a TILA violation. *Patton v. Jeff Wyler Eastgate, Inc.*, 608 F.Supp2d 907 (S.D. Ohio 2007); *see also Muro v. Hermanos Auto Wholesalers, Inc.*, 514 F. Supp. 2d 1343 (S.D. Fla. 2007).

### Cause of Action #3— Breach of Contract – against all Defendants.

31.  Breach of contract is pled in the alternative to the prior claims to the degree they are mutually exclusive. *See, e.g. Southwell v. University of the Incarnate Word*, 974 S.W.2d 351, 354-55 (Tex.App.—San Antonio 1998, pet. denied). Plaintiffs had a valid, enforceable contract. Plaintiffs performed but Defendants breached, causing Plaintiffs harm.

### Cause of Action #4—Fraud – against all Defendants.

32.  The actions of Defendants demonstrate that they made material and false representations about the vehicle and condition of vehicle. When Defendants made the representations, they knew them to be false; or made the representations recklessly, as a positive assertion, and without knowledge of its truth. Defendants made the representations with the intent that Plaintiffs act on it. Plaintiffs in fact relied on the representations, causing Plaintiffs injury. *See Stum v. Stum*, 845 S.W.2d 407, 416 (Tex.App.--Fort Worth 1992), *overruled on other grounds, Humphreys v. Meadows*, 938 S.W.2d 750, 751 (Tex.App.--Fort Worth 1996, writ denied).

33.  Defendants never intended to transfer title to Plaintiffs and in the months Plaintiffs

had possession, Defendants never did apply to transfer title or apply for registration in Williamson County in Plaintiffs' names.

### Cause of Action #5—Breach of fiduciary duty and duty of good faith and fair dealing – against all Defendants.

**34.** Defendants had a fiduciary relationship with Plaintiff. Defendants breached that duty causing injury to Plaintiffs and benefit to the Defendants. *See, e.g., Kinzbach Tool Co. v. Corbett-Wallace Corp.*, 160 S.W.2d 509, 513-514 (Tex. 1942).

**35.** This is because Defendants never intended to transfer title to Plaintiffs and in the months Plaintiffs had possession, Defendants never did apply to transfer title or apply for registration in Williamson County in Plaintiffs' names.

### Cause of Action # 6 -- Violations Of The Texas Debt Collection Act – against all Defendants

**36.** The facts stated above demonstrate that Defendant violated the Texas Debt Collection Act.

**37.** Plaintiffs are "consumers" as that term is defined by the Texas Debt Collection Practices Act, set forth in Chapter 392 of the Texas Finance Code (the "TDCA").

**38.** Plaintiffs' relationship with the Defendant arose out of a "consumer debt" as that term is defined in the TDCA, which includes debts for service such as repair on a personal automobile.

**39.** Defendant is and was a "debt collectors" as that term is defined in the TDCA.

**40.** Defendant violated the TDCA taking an action prohibited law, i.e., Defendant repossessed Plaintiffs' vehicle despite having no permissible reason for the repossession in violation of Tex. Civ. Prac. & Rem. Code Ann. § 12.002 (West).

**41.** Defendant has violated the TDCA and Plaintiffs are thus entitled to an injunction, their actual damages, and attorneys' fees.

**42.** Violations of the Finance Code are also deemed to be violations of the Texas

Deceptive Trade Practices Act, Subchapter E, Chapter 17, Texas Business & Commerce Code, and are actionable under that subchapter. As a result thereof, Defendant is liable for actual damages, treble damages as this was willful activity, the payment of legal fees and expenses, and exemplary damages.

### Cause of Action #7– Conversion – against all Defendants

**43.** Plaintiffs had owned and had immediate possession of the property, the 2002 Dodge Ram Truck.

**44.** Defendant wrongfully exercised dominion or control over the property to the exclusion of and inconsistent with the plaintiffs' rights;

**45.** Plaintiffs demanded return of their vehicle; and

**46.** Defendant has refused to return it and have not provided Plaintiffs with any accounting or refund of the value of the vehicle.

**47.** Defendants are liable to Plaintiffs for their actual damages caused by Defendants wrongful acts, including but not limited to the value of the vehicle, the loss of use, the damage to their credit record for a public record of the repossession, and emotional distress.

**48.** Plaintiff will be seeking punitive damages as well for this intentional tort.

## CREDIT ACCEPTANCE CORPORATION IS LIABLE AS A HOLDER OF THE CONSUMER CREDIT CONTRACT

**49.** Credit Acceptance Corporation is liable to the Marciels for all claims which the Marciels could assert against the seller of the truck, as Credit Acceptance Corporation was the holder of the consumer credit contract and by contract, that assignment was without recourse.

**50.** By the plain language of the contract and statute, the holder liability is not extinguished by Credit Acceptance Corporation "returning" the contract to H&H.

## TRIAL BY JURY

**51.**  Plaintiff is entitled to and hereby demands a trial by jury. Plaintiffs are paying the appropriate fee upon filing of this petition.

## PRAYER

For these reasons, Plaintiffs asks they have judgment against Defendants for the following:

i. Economic and actual damages within the jurisdictional limits of this court;

ii. Adjudging that Defendants violated 15 U.S.C. §§ 1638(a)(2), (a)(5) and (a)(6) and Regulation Z, 12 C.F.R. 226.18(b), (h) and (g);

iii. Adjudging that Defendant violated Texas Debt Collection laws as well as the Deceptive Trade Practices Act;

iv. Adjudging that Defendant committed the tort of conversion;

v. <u>An injunction to prohibit Defendants from committing similar violations in the future and to revoke Defendants license to sell vehicles in Texas.</u>

vi. Treble economic damages;

vii. Treble actual damages;

viii. Attorney fees and costs;

ix. Exemplary and punitive damages;

x. Prejudgment and post-judgment interest as allowed by law;

xi. Costs of suit;

xii. General relief; and

xiii. All other relief, in law and in equity, to which Plaintiffs may be entitled.

Respectfully submitted,

_____
Amy E. Clark Kleinpeter
Attorney for Defendant
State of Texas Bar Number: 24043761

Hill Country Consumer Law
11940 Jollyville Rd; Suite 220-S
Austin, TX 78759
Phone: (512) 850-5290
Fax:    (626) 737-6030

# CITATION
## THE STATE OF TEXAS, COUNTY OF WILLIAMSON
### NO. 13-0579-C277

**MYRA AND ROBERT MARCIEL V. J&S, LLC DBA H&H AUTOS AND CREDIT ACCEPTANCE CORPORATION**

TO:    J&S LLC
       Registered Agent Tammy Hannon
       719 W 2nd Street
       Taylor TX 76574-2827

DEFENDANT in the above styled and numbered cause:

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment for the relief demanded in the petition may be taken against you.

Attached is a copy of the PLAINTIFF'S PETITION in the above styled and numbered cause, which was filed on the 10th day of June, 2013 in the 277th Judicial District Court of Williamson County, Texas. This instrument describes the claim against you.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office on this the 10th day of June, 2013.

ADDRESS OF LEAD ATTORNEY FOR PLAINTIFF:        LISA DAVID, DISTRICT CLERK
Amy Elizabeth Clark Kleinpeter                  Williamson County, Texas
11940 Jollyville Rd 220-S                       P. O. Box 24, 405 M.L.K. Street
Austin TX 78759                                 Georgetown, Texas 78627-0024

BY: _____
     Maria Sheffield, Deputy

## RETURN OF SERVICE

Came to hand on the ____ day of _____,20__,at ____ o'clock __M. and executed at _____, within the County of _____, at ____ o'clock __M. on the _____ day of _____, 20____, by delivering to the within named _____, in person a true copy of this citation, with a true and correct copy of the PLAINTIFF'S PETITION attached thereto, having first endorsed on such copy of citation the date of delivery.
* *NOT EXECUTED*, the diligence used to execute being *(show manner of delivery)* _____
_____; for the following reason _____,
the defendant may be found at _____.
*Strike if not applicable.*

TO CERTIFY WHICH WITNESS MY HAND OFFICIALLY_____ COUNTY, TEXAS
_____ SHERIFF/CONSTABLE    BY: _____ DEPUTY

**FEE FOR SERVICE OF CITATION : $_____**

COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.
*In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.*
My name is _____, my date of birth is _____, and my address is
      Please print.    (First, Middle, Last)
_____ (Street, City, Zip).
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____ County, State of _____, on the _____ day of _____, 20____.

   Declarant/Authorized Process Server                         ID # & expiration of certification

  

**RETURN ORIGINAL TO WILLIAMSON COUNTY DISTRICT CLERK**

# CITATION
## THE STATE OF TEXAS, COUNTY OF WILLIAMSON
## NO. 13-0579-C277

**MYRA AND ROBERT MARCIEL V. J&S, LLC DBA H&H AUTOS AND CREDIT ACCEPTANCE CORPORATION**

TO:  Credit Acceptance Corporation
     Registered Agent Corporation Service Company
     211 E 7th Ste 620
     Austin TX 78701-3218

DEFENDANT in the above styled and numbered cause:

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment for the relief demanded in the petition may be taken against you.

Attached is a copy of the PLAINTIFF'S PETITION in the above styled and numbered cause, which was filed on the 10th day of June, 2013 in the 277th Judicial District Court of Williamson County, Texas. This instrument describes the claim against you.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office on this the 10th day of June, 2013.

| ADDRESS OF LEAD ATTORNEY FOR PLAINTIFF: | LISA DAVID, DISTRICT CLERK |
|---|---|
| Amy Elizabeth Clark Kleinpeter | Williamson County, Texas |
| 11940 Jollyville Rd 220-S | P. O. Box 24, 405 M.L.K. Street |
| Austin TX 78759 | Georgetown, Texas 78627-0024 |

BY: _____
    Maria Sheffield, Deputy

## RETURN OF SERVICE

Came to hand on the ____ day of _____, 20__, at _____ o'clock __M. and executed at _____, within the County of _____, at _____ o'clock __M. on the _____ day of _____, 20____, by delivering to the within named _____, in person a true copy of this citation, with a true and correct copy of the PLAINTIFF'S PETITION attached thereto, having first endorsed on such copy of citation the date of delivery.

* *NOT EXECUTED*, the diligence used to execute being *(show manner of delivery)* _____
_____ ; for the following reason _____,
the defendant may be found at _____.
*Strike if not applicable.*

TO CERTIFY WHICH WITNESS MY HAND OFFICIALLY _____ COUNTY, TEXAS
_____ SHERIFF/CONSTABLE   BY: _____ DEPUTY

**FEE FOR SERVICE OF CITATION : $** _____

COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.
*In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.*
My name is _____, my date of birth is _____, and my address is
Please print.   (First, Middle, Last)
_____ (Street, City, Zip).
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____ County, State of _____, on the _____ day of _____, 20____.

_____ Declarant/Authorized Process Server    ID # & expiration of certification _____




**RETURN ORIGINAL TO WILLIAMSON COUNTY DISTRICT CLERK**

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* 13-0579-C277   COURT *(FOR CLERK USE ONLY):* _____

STYLED MYRA AND ROBERT MARCIEL V. J&S, LLC DBA H&H AUTOS AND CREDIT ACCEPTANCE CORPORATION
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name: Amy Kleinpeter<br>Hill Country Consumer Law<br>Address:<br>11940 Jollyville Rd. 220-S<br>City/State/Zip:<br>Austin TX 78750<br>Signature: [signed] | Email: Amyck1@gmail.com<br>Telephone: 512-850-5290<br>Fax: 626-737-6030<br>State Bar No: 24043761 | Plaintiff(s)/Petitioner(s):<br>Myra and Robert Marciel<br><br>Defendant(s)/Respondent(s):<br>J&S, LLC dba H&H Autos<br>Credit Acceptance Corporation<br><br>[Attach additional page as necessary to list all parties] | ☒ Attorney for Plaintiff/Petitioner<br>☐ Pro Se Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: _____<br><br>Additional Parties in Child Support Case:<br>Custodial Parent:<br>Non-Custodial Parent:<br>Presumed Father: |

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

### Civil

**Contract**
- Debt/Contract
  - ☒ Consumer/DTPA
  - ☐ Debt/Contract
  - ☐ Fraud/Misrepresentation
  - ☐ Other Debt/Contract:
- Foreclosure
  - ☐ Home Equity—Expedited
  - ☐ Other Foreclosure
- ☐ Franchise
- ☐ Insurance
- ☐ Landlord/Tenant
- ☐ Non-Competition
- ☐ Partnership
- ☐ Other Contract:

**Injury or Damage**
- ☐ Assault/Battery
- ☐ Construction
- ☐ Defamation
- Malpractice
  - ☐ Accounting
  - ☐ Legal
  - ☐ Medical
  - ☐ Other Professional Liability: _____
- ☐ Motor Vehicle Accident
- ☐ Premises
- Product Liability
  - ☐ Asbestos/Silica
  - ☐ Other Product Liability List Product:
- ☐ Other Injury or Damage:

**Real Property**
- ☐ Eminent Domain/Condemnation
- ☐ Partition
- ☐ Quiet Title
- ☐ Trespass to Try Title
- ☐ Other Property:

**Related to Criminal Matters**
- ☐ Expunction
- ☐ Judgment Nisi
- ☐ Non-Disclosure
- ☐ Seizure/Forfeiture
- ☐ Writ of Habeas Corpus—Pre-indictment
- ☐ Other: _____

**Employment**
- ☐ Discrimination
- ☐ Retaliation
- ☐ Termination
- ☐ Workers' Compensation
- ☐ Other Employment:

**Other Civil**
- ☐ Administrative Appeal
- ☐ Antitrust/Unfair Competition
- ☐ Code Violations
- ☐ Foreign Judgment
- ☐ Intellectual Property
- ☐ Lawyer Discipline
- ☐ Perpetuate Testimony
- ☐ Securities/Stock
- ☐ Tortious Interference
- ☐ Other: _____

### Family Law

**Marriage Relationship**
- ☐ Annulment
- ☐ Declare Marriage Void
- Divorce
  - ☐ With Children
  - ☐ No Children

**Other Family Law**
- ☐ Enforce Foreign Judgment
- ☐ Habeas Corpus
- ☐ Name Change
- ☐ Protective Order
- ☐ Removal of Disabilities of Minority
- ☐ Other: _____

**Post-judgment Actions (non-Title IV-D)**
- ☐ Enforcement
- ☐ Modification—Custody
- ☐ Modification—Other

**Title IV-D**
- ☐ Enforcement/Modification
- ☐ Paternity
- ☐ Reciprocals (UIFSA)
- ☐ Support Order

**Parent-Child Relationship**
- ☐ Adoption/Adoption with Termination
- ☐ Child Protection
- ☐ Child Support
- ☐ Custody or Visitation
- ☐ Gestational Parenting
- ☐ Grandparent Access
- ☐ Paternity/Parentage
- ☐ Termination of Parental Rights
- ☐ Other Parent-Child:

FILED
_____ o'clock ___ P.M.
JUN 10 2013
Lisa David
District Clerk, Williamson Co., TX.

### Tax
- ☐ Tax Appraisal
- ☐ Tax Delinquency
- ☐ Other Tax

### Probate & Mental Health
Probate/Wills/Intestate Administration
- ☐ Dependent Administration
- ☐ Independent Administration
- ☐ Other Estate Proceedings

- ☐ Guardianship—Adult
- ☐ Guardianship—Minor
- ☐ Mental Health
- ☐ Other: _____

## 3. Indicate procedure or remedy, if applicable (may select more than 1):
- ☐ Appeal from Municipal or Justice Court
- ☐ Arbitration-related
- ☐ Attachment
- ☐ Bill of Review
- ☐ Certiorari
- ☐ Class Action
- ☐ Declaratory Judgment
- ☐ Garnishment
- ☐ Interpleader
- ☐ License
- ☐ Mandamus
- ☐ Post-judgment
- ☐ Prejudgment Remedy
- ☐ Protective Order
- ☐ Receiver
- ☐ Sequestration
- ☐ Temporary Restraining Order/Injunction
- ☐ Turnover